IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 16-cv-01847-PAB-MEH

DAVID JACKSON;
KENNETH THOMAS;
JAVIER MORA-MONCADA;
GILDARDO MORA-MONCADA, and
JESUS OROZCO, on their own behalf and on behalf of all others similarly situated,

 Plaintiffs,

v.

AML CONSTRUCTION & DESIGN GROUP,
ALEXANDER KENNEDY,
CUSTOM SOLUTIONS BY ALVARADO CONSTRUCTION, LLC, and
MIKE ALVARADO,

 Defendants.

_____

MIKE ALVARADO,

 Cross-Claim Plaintiff,

v.

AML CONSTRUCTION & DESIGN GROUP and
ALEXANDER KENNEDY,

 Cross-Claim Defendants.

---

**ORDER**

---

 This matter is before the Court on Defendant Mike Alvarado's Verified Motion for Default and Default Judgment Against AML Construction and Design Group and Alexander Kennedy [Docket No. 38]. The Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367.

On July 19, 2016, plaintiffs filed a collective action complaint against defendants alleging wage and hour claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., and state law. Docket No. 1. On August 8, 2016, defendant Mike Alvarado, acting *pro se*, filed an answer consisting essentially of a general denial. Docket No. 8. Plaintiffs served defendants AML Construction & Design Group ("AML"), Alexander Kennedy, Mike Alvarado, and Custom Solutions by Alvarado Construction, LLC. Docket Nos. 10-13, 16. On October 18, 2016, at a status conference, Magistrate Judge Michael E. Hegarty ordered appointment of pro bono counsel for Mr. Alvarado and Custom Solutions by Alvarado Construction, LLC (the "Alvarado defendants"). Docket No. 19. AML and Mr. Kennedy failed to appear at the status conference, and Judge Hegarty ordered them to show cause why default should not be entered against them. Docket No. 20. They failed to respond. Docket No. 22. At a status conference on November 8, 2016, Judge Hegarty ordered entry of default against AML and Mr. Kennedy, *id*., which was then entered by the Clerk of the Court. Docket No. 23. Judge Hegarty also granted the Alvarado defendants leave to file an amended answer and counterclaims. Docket No. 22. On November 18, 2016 the Alvarado defendants, now represented by counsel, filed an amended answer and cross-claims that included wage and hour cross-claims by Mr. Alvarado against AML and Mr. Kennedy. Docket No. 24.[1]

On December 21, 2016, the Alvarado defendants filed a certificate of service stating that they had served their amended answer and cross-claims on AML and Mr.

---

[1] An additional defendant, Alexander Cash, was included in both the initial complaint and cross-claims, *see* Docket Nos. 1, 24, but he was dismissed based on information from counsel that Alexander Cash is an alias of Alexander Kennedy. *See* Docket No. 30.

Kennedy by mail at their last known address and email. Docket No. 37. On April 3, 2017, the Alvarado defendants filed the present motion. Docket No. 38. They request that "a default be entered by the Clerk of the Court against Defendants Integrity[,] Alexander Kennedy and AML Construction and Design Group in the amount of $38,407.00." *Id*. at 3.

In order to obtain a judgment by default, a party must follow the two-step process described in Federal Rule of Civil Procedure 55. First, it must seek an entry of default from the Clerk of the Court under Rule 55(a). Rule 55(a) provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Second, after default has been entered by the Clerk, the party must seek default judgment according to the strictures of Rule 55(b). *See Williams v. Smithson*, 1995 WL 365988, at *1 (10th Cir. June 20, 1995) (citing *Meehan v. Snow*, 652 F.2d 274, 276 (2d Cir. 1981)).

One consequence of default is that the well-pleaded allegations in the complaint are deemed admitted. *See* Charles Wright, Arthur Miller & Mary Kane, *Fed. Prac. & Proc.* § 2688.1 (3d ed. 2010). "Even after default, however, it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit conclusions of law." *Id.* A court need not accept conclusory allegations. *Moffett v. Halliburton Energy Servs., Inc.*, 291 F.3d 1227, 1232 (10th Cir. 2002). Although "[s]pecific facts are not necessary" in order to state a claim, *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 555 (2007)), the well-pleaded facts must "permit the court to infer more than the mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (internal quotation and alteration marks omitted).  Thus, even though modern rules of pleading are somewhat forgiving, "a complaint still must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008) (quotation and citation omitted).

The decision to enter default judgment is "committed to the district court's sound discretion." *Olcott v. Del. Flood Co.*, 327 F.3d 1115, 1124 (10th Cir. 2003) (internal quotation marks omitted).  In exercising that discretion, the Court considers that "[s]trong policies favor resolution of disputes on their merits." *Ruplinger v. Rains*, 946 F.2d 731, 732 (10th Cir. 1991) (quotation and citations omitted).  "The default judgment must normally be viewed as available only when the adversary process has been halted because of an essentially unresponsive party." *Id.*  It serves to protect a plaintiff against "interminable delay and continued uncertainty as to his rights." *Id.* at 733.  When "ruling on a motion for default judgment, the court may rely on detailed affidavits or documentary evidence to determine the appropriate sum for the default judgment." *Seme v. E&H Prof'l Sec. Co., Inc.*, No. 08-cv-01569-RPM-KMT, 2010 WL 1553786, at *11 (D. Colo. Mar. 19, 2010).  "[A] court may not enter a default judgment without a hearing unless the amount claimed is a liquidated sum or one capable of mathematical calculation." *Venable v. Haislip*, 721 F.2d 297, 300 (10th Cir. 1983).  The Court need not conduct a fact-intensive inquiry, but must ensure that there is "a basis for the

damages specified in the default judgment." *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., Div. of Ace Young Inc.*, 109 F.3d 105, 111 (2d Cir. 1997).

The Court will deny the Alvarado defendants' motion with leave to refile because Mr. Alvarado[2] has failed to follow the prescribed procedure for entry of default judgment. Mr. Alvarado must first request the Clerk of the Court enter default against AML and Mr. Kennedy. Fed. R. Civ. P. 55(a); *see, e.g., Auto-Owners Insurance Company v. Bridgewater International, Inc.*, No. 15-cv-01665-PAB-KLM, Docket No. 14 (D. Colo. Sept. 10, 2015). After default is entered, Mr. Alvarado may move the Court for entry of a default judgment pursuant to Fed. R. Civ. P. 55(b). Although default has previously been entered against AML and Mr. Kennedy, Docket No. 23, that entry of default was before Mr. Alvarado filed his cross-claims. Docket No. 24.[3] Mr. Alvarado is also reminded that, before entering default judgment, the Court must review his allegations (which are deemed admitted upon default) to determine if the unchallenged factual allegations, not legal conclusions, state a cause of action. *See Bixler v. Foster*, 596 F.3d 751, 762 (10th Cir. 2010). Additionally, the Court cannot accept conclusory statements as to damages. *Transatlantic Marine Claims Agency, Inc.*, 109 F.3d at 111. Rather, a detailed affidavit or documentary or testimonial evidence is necessary for the

---

[2] While the motion was filed on behalf of the Alvarado defendants, Docket No. 38 at 1, the cross-claims are only on behalf of Mr. Alvarado. *See* Docket No. 24 at 11-14.

[3] While there is authority that a party can amend pleadings to correct defective jurisdictional allegations after a default or default judgment is entered, *see Jacobs v. Patent Enforcement Fund, Inc.*, 230 F.3d 565, 567 (2d Cir. 2000); *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 613 (9th Cir. 2016), these cases do not support the idea that a party can assert new claims after default is entered and seek default judgment on those claims.

Court to determine whether the claimed damages are appropriate. *Id*. Here, the Alvarado defendants' counsel's affidavit merely states in conclusory fashion that "Mike Alvarado is seeking compensation, penalties, attorney's fees and costs against AML and Kennedy in the amount of $38,407.00" without indicating any basis for that amount such as unpaid hours worked, hourly rate, or the amount attributable to each listed category of damages. Docket No. 38-1 at 2, ¶ 8. Such proof would not suffice.

## IV. CONCLUSION

For the foregoing reasons, it is

**ORDERED** that Defendant Mike Alvarado's Verified Motion for Default and Default Judgment Against AML Construction and Design Group and Alexander Kennedy [Docket No. 38] is **DENIED** without prejudice.

DATED June 29, 2017.

                                            BY THE COURT:

                                            s/Philip A. Brimmer
                                            PHILIP A. BRIMMER
                                            United States District Judge